IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J. FELIX FERNANDO CORONA-CERVANTES                                    PLAINTIFF

V.                              CASE NO. 5:17-CV-05098

DEPUTY MORGAN; CORPORAL ATCHLEY;and
JOHN OR JANE DOE FOOD SERVICE WORKERS                                 DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff J. Felix Fernando Corona-Cervantes pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff is currently incarcerated in the Cummins Unit of the Arkansas Department of Correction. The events subject to this action occurred in the Washington County Detention Center ("WCDC").

Before the Court for screening is the Amended Complaint (Doc. 15) filed by Plaintiff on September 8, 2017. The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Amended Complaint, after Plaintiff was sentenced to a period of imprisonment, he was booked into the WCDC. The Amended Complaint is not

a model of clarity. Plaintiff appears to be asserting a claim against Deputy Morgan because in January of 2017 he only provided the Plaintiff with a blanket to sit on to provide relief from hemorrhoids. Plaintiff mentions a doctor but does not state what treatment, if any, the doctor, who is not a party to this lawsuit, ordered for Plaintiff's hemorrhoids problem.

With respect to Corporal Atshley, Plaintiff alleges he lost the certificate of inmate account form that Plaintiff needed completed as part of his IFP application. Plaintiff indicates he does not speak English well enough to get Corporal Atshley or Corporal Mulvaney to understand what he needed.

Next, Plaintiff names John or Jane Doe food service workers because the food tasted bad, was not nutritious, upset his stomach, and caused him to lose weight. Plaintiff further alleges his grievances about the food went unanswered and the menu was not changed.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's Amended Complaint asserts no plausible claims. First, Plaintiff's claim

against Deputy Morgan is subject to dismissal. To prove a denial of medical care claim, Plaintiff must establish that: (1) he was suffering from a serious medical need; and (2) the Defendant actually knew of but deliberately disregarded those needs. *Farmer v. Brennan*, 511 U.S. 925, 827 (1994). "Deliberate indifference is the equivalent of criminal law recklessness--a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007)(internal quotation marks and citation omitted).

Plaintiff has not alleged enough specific facts to assert a plausible claim against Deputy Morgan. Assuming hemorrhoids constitute a serious medical need, Plaintiff has not alleged that Deputy Morgan ignored an order entered by the doctor or that Deputy Morgan ignored an acute or escalating situation.

Second, Plaintiff has alleged Corporal Atshley lost his certificate of inmate account and assets that must be submitted with his IFP application. Plaintiff filed the original complaint (Doc. 1) on June 6, 2017. His application to proceed IFP (Doc. 2) contained a blank certificate of inmate account and assets form. For this reason, an order (Doc. 3) was entered giving Plaintiff until June 21, 2017, to submit a completed form. The completed certificate of inmate account and assets (Doc. 5), signed by Corporal Tom Mulvaney, was filed on June 20, 2017. The following day, an order (Doc. 6) was entered granting the IFP application.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, *Bounds* "did not create

against Deputy Morgan is subject to dismissal. To prove a denial of medical care claim, Plaintiff must establish that: (1) he was suffering from a serious medical need; and (2) the Defendant actually knew of but deliberately disregarded those needs. *Farmer v. Brennan*, 511 U.S. 925, 827 (1994). "Deliberate indifference is the equivalent of criminal law recklessness--a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir. 2007)(internal quotation marks and citation omitted).

Plaintiff has not alleged enough specific facts to assert a plausible claim against Deputy Morgan. Assuming hemorrhoids constitute a serious medical need, Plaintiff has not alleged that Deputy Morgan ignored an order entered by the doctor or that Deputy Morgan ignored an acute or escalating situation.

Second, Plaintiff has alleged Corporal Atshley lost his certificate of inmate account and assets that must be submitted with his IFP application. Plaintiff filed the original complaint (Doc. 1) on June 6, 2017. His application to proceed IFP (Doc. 2) contained a blank certificate of inmate account and assets form. For this reason, an order (Doc. 3) was entered giving Plaintiff until June 21, 2017, to submit a completed form. The completed certificate of inmate account and assets (Doc. 5), signed by Corporal Tom Mulvaney, was filed on June 20, 2017. The following day, an order (Doc. 6) was entered granting the IFP application.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, *Bounds* "did not create

an abstract freestanding right to a law library or legal assistance," rather, an inmate who alleges an access violation must show actual injury, *i.e.,* "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *see also Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). Plaintiff's claim fails as a matter of law because he has not alleged the existence of any actual injury.

Third, Plaintiff has failed to allege a plausible claim based on the diet he was served. The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992)(prisoners have a right to nutritionally adequate food); *Campbell v. Cauthron,* 623 F.2d 503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet). To prevail on an Eighth Amendment claim, Plaintiff must show the John or Jane Doe Defendants were deliberately indifferent to his dietary needs. *Wishon,* 978 F.2d at 449.

Merely because food is not prepared to an inmate's taste does not implicate the Eighth Amendment. *See Burgin v. Nix,* 899 F.2d 733, 734-35 (8th Cir. 1990)(inmates do not have a right to a particular type of food); *see also Wilson v. Seiter,* 501 U.S. 2994, 298 (1991)(the deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities). Plaintiff has not alleged that the food was prepared in a manner presenting an immediate danger to his health or that his health suffered as a result of the food other than stating the food upset his stomach. *See e.g. Divers v. Dep't of Corr.,* 921 F.2d 191, 193-94 (8th Cir. 1990)(reversing preservice dismissal where Plaintiff

alleged the food was insufficient in amount, cold, unappetizing, prepared from restricted menu, and delivered through unsanitary food slots).

While Plaintiff has alleged he lost weight, he has not alleged how much weight he lost or indicated the length of time at issue. *See, e.g., Davis v. Missouri*, 389 Fed. Appx. 579 (8th Cir. 2010)(precipitous weight loss states a claim for inadequate nutrition). A loss of weight is not necessarily attributable to a lack of a nutritious diet. There could be many reasons for a loss of weight. Plaintiff has not alleged he received insufficient amounts of food or that the diet was calorically inadequate. In short, he has alleged insufficient facts to suggest the John or Jane Doe Defendants "were deliberately indifferent to his nutritional needs, that is, failed to act despite . . . knowledge of a substantial risk of serious harm." *Ingrassia v. Schafter*, 825 F.3d 891, 897 (8th Cir. 2016)(internal quotation marks and citation omitted). Under the Eighth Amendment, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

Fourth, Plaintiff's claim that he received either no or inadequate responses to his grievances is subject to dismissal. There is no constitutional right to a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Similarly, the denial of a grievance does not state a substantive constitutional claim. *Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Plaintiff's claim regarding inadequacies in the grievance procedure fails.

Finally, Plaintiff has also asserted an official capacity claim. In order to "make out a case of municipal liability against the County, [Plaintiff] must show that his constitutional

-5-

injury was caused by a policy or custom of the municipality, the implementation of which amounted to deliberate indifference to his constitutional rights." *Lund v. Hennepin Cnty.*, 427 F. 3d 1123, 1125 (8th Cir. 2005). Plaintiff has not alleged the existence of any policy or custom on the part of Washington County that resulted in his alleged deprivations of his constitutional rights. Plaintiff's official capacity claims are subject to dismissal.

### III. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**IT IS SO ORDERED** on this 28th day of September 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE